Jonathan A. Dessaules, State Bar No. 019439
**DESSAULES LAW GROUP**
2700 North Central Avenue, Suite 1250
Phoenix, Arizona 85004
602.274.5400 tel
602.274.5401 fax
jdessaules@dessauleslaw.com

*Attorneys for Intervenors Bryce Fitzpatrick and Albert Miller*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>            Plaintiff,<br><br>      vs.<br><br>The Cheesecake Factory, Inc., a Delaware corporation,<br><br>            Defendant. | Case No. CIV 08-01207-NVW-PHX<br><br>**MOTION TO INTERVENE** |

## MOTION

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure and 42 U.S.C. § 2000e-5(f)(1), Plaintiffs-in-Intervention Bryce Fitzpatrick ("Fitzpatrick") and Albert Miller ("Miller"), by and through their undersigned counsel, hereby move to intervene as plaintiffs in this action. Fitzpatrick and Miller request intervention under Rule 24(a)(1) of the Federal Rules of Civil Procedure on the basis that, as charging parties, they have an unconditional right to intervene. This Motion is accompanied by the proposed Complaint-in-Intervention, which is attached hereto as Exhibit 1.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

On or about November 27, 2006, Fitzpatrick filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against his former employer, The Cheesecake Factory, Inc. ("Cheesecake Factory"), alleging that pervasive sexual harassment at

the Cheesecake Factory created a hostile work environment and ultimately led to his constructive discharge. On or about February 27, 2007, Miller filed a Charge of Discrimination alleging a hostile and sexually offensive work environment. Both Charges of Discrimination were timely filed.

Fitzpatrick and Miller allege they were unwilling victims of physical, sexual harassment and assaults of an overtly sexual nature committed by numerous employees of the Cheesecake Factory with the knowledge, apparent approval, and tacit encouragement of various levels of management. The pervasive sexual harassment and assaults were reported to managers and on several occasions witnessed firsthand by managers, but Cheesecake Factory managers refused to take reasonable steps to prevent the harassment and assaults from occurring. Despite numerous complaints by Fitzpatrick, Miller and others, Cheesecake Factory managers and supervisors refused to act to protect Cheesecake Factory's employees from assault, battery and false imprisonment in the workplace as well as the pervasive threat of assault, battery and false imprisonment. In effect, Cheesecake Factory forced its employees, including Fitzpatrick and Miller, to endure the actual and threatened physical assaults of a sexual nature as a condition of continued employment with the Complaint and thereby created a hostile work environment offensive to the reasonable person.

By failing and refusing to act to protect its employees in the workplace and ignoring the threat to the safety of its employees, Cheesecake Factory condoned the actions of those responsible for committing the tortious and unlawful actions, and allowed them to commit those actions in the course and scope of employment, and therefore is vicariously liable for the actions of its employees. Cheesecake Factory perpetuated a hostile workplace environment of sexual harassment so severe and pervasive that it materially altered the conditions and privileges of employment. Cheesecake Factory's actions are actionable under both federal and state law.

**ARGUMENT**

Federal Rule of Civil Procedure 24(a) provides, in relevant part, as follow:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who…is given an unconditional right to intervene by a federal statute….

Fitzpatrick and Miller have the unconditional right to intervene conferred by federal statue. *See* 42 U.S.C. § 2000e-5(f)(1). ("The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission …."). Intervention is warranted because Fitzpatrick and Miller are the charging parties and are prohibited from filing a separate suit for violation of their federally-protected rights. *See McClain v. Wagner Elec. Corp.*, 550 F.2d 1115 (8th Cir. 1977) ("if the Commission sues first, individual employees are not permitted to sue independently but may intervene as of right in the Commission's suit as provided by Fed. R. Civ. P. 24(a)"). Thus, Fitzpatrick and Miller's only remedy is via intervention in this lawsuit.

Fitzpatrick and Miller's request for intervention is timely under Rule 24(a). Although the Courts have held that intervention was timely when filed roughly four (4) months after commencement of the Commission's suit [*U.S. v. Municipio De Vega Alta*, 244 F.R.D. 118 (D. Puerto Rico 2007)] and in one case ten years after the filing of the action and following the conclusion of a bench trial [*Winbush v. State of Iowa*, 66 F.3d 1471 (8th Cir. 1995)].

In this case, Fitzpatrick and Miller seek intervention less than six months since the Commission's commencement of the action and before the Cheesecake Factory filed its answer. No discovery has occurred and no substantive hearings have taken place. Thus, Cheesecake Factory cannot claim prejudice if Fitzpatrick and Miller are allowed to intervene to assert their own claims in this case.

## CONCLUSION

Plaintiffs Bryce Fitzpatrick and Albert Miller have an unconditional right to intervene in this action that is subject only to the requirement that intervention be timely sought. Accordingly, Fitzpatrick and Miller request that the Court allow them to intervene as plaintiffs in this action and file the attached Complaint-in-Intervention.

1  DATED this 11th day of December, 2008.

2
3                                              DESSAULES LAW GROUP

4
5                                              By /s/ Jonathan A. Dessaules (#19439)
                                                   Jonathan A. Dessaules
6                                                  *Attorneys for Plaintiffs-in-Intervention*

**CERTIFICATE OF SERVICE**

     I hereby certify that on December 11, 2008, I electronically transmitted the foregoing Motion to Intervene to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mary Jo O'Neill
Sally C. Shanley
Katherine Kruse
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-2504
*Attorneys for Plaintiff Equal Employment Opportunity Commission*

Lawrence J. Rosenfeld
Michael L. Walker
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
*Attorneys for Defendant Cheesecake Factory*

/s/  Jonathan A. Dessaules