IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, <br><br> Plaintiff, <br><br> -and- <br><br> Bryce Fitzpatrick and Albert Miller, <br><br> Intervenors, <br><br> vs. <br><br> The Cheesecake Factory, Inc., a Delaware corporation, <br><br> Defendant. | CV 08-1207-PHX-NVW <br><br><br><br> **CONSENT DECREE** |

The United States Equal Employment Opportunity Commission ("the Commission" or "EEOC") filed this action on June 30, 2008 against The Cheesecake Factory Restaurants, Inc. ("Defendant") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Amended Complaint, the Commission alleged that, at its restaurant located at 3111 Chandler Boulevard, Suite 2100, Chandler, Arizona, Defendant engaged in unlawful sex discrimination, including sexual harassment of Bryce Fitzpatrick, Michael Wilson, Albert Miller, Jr., and a class of male employees because of their sex in violation of Section 703(a) of Title VII and the Civil Rights Act of 1991, 42 U.S.C. § 2000e-a(a). The Commission seeks appropriate relief to Bryce Fitzpatrick, Michael Wilson, Albert Miller, Jr., and a class of similarly situated men who were allegedly adversely affected by

- 1 -

such practices (Messrs. Fitzpatrick, Miller, Wilson, and Mr. Jesse De Jong, Mr. Julio Vasquez Muñoz, and Mr. John Eli Andrews are hereafter referred to collectively as "class members").

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. The parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

Defendant specifically denies, and does not admit (either expressly or implicitly), that it has violated any federal, state, or local law, or that it has any liability in this civil action. Defendant maintains, and has consistently maintained, that it provides equal employment opportunities for all employees and applicants, and that it complies with all applicable employment laws, including those pertaining to unlawful harassment. This Decree does not constitute a finding of liability or wrongdoing on the part of Defendant. The Defendant is entering into this Decree solely for the purposes of avoiding the expense and inconvenience of further investigation and litigation.

It is hereby ORDERED, ADJUDGED, and DECREED:

1. This decree constitutes a complete resolution of all claims of the Commission against Defendant in this lawsuit, and all claims asserted (or which could have been asserted, in any forum) by Intervenors, including, without limitation, back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs.

2. This Decree may not be used by the parties in any proceeding, except in this Court to enforce or implement the Decree or any orders or judgments of this Court entered in connection therewith, and for no other purpose whatsoever.

3. Nothing in this Decree shall be deemed to create any rights on the part of

non-parties to enforce this Decree. The right to seek enforcement of this Decree is vested exclusively in the parties hereto.

## **INJUNCTION**

4. Defendant and its officers, agents, successors[1], assigns and all persons in active concert or participation with them who have actual knowledge of the terms of this Decree, are permanently enjoined for the duration of the decree from: (a) discriminating against any employee on the basis of sex, including but not limited to sexually harassing any employee, at Defendant's restaurant located at 3111 Chandler Boulevard, Suite 2100, Chandler, Arizona, and (b) retaliating against any charging party or class member, currently employed by Defendant, who participated in this lawsuit because he (i) opposed discriminatory conduct believed to be unlawful under Title VII, (ii) reported conduct believed to be unlawful under Title VII to managers of Defendant (iii) filed a charge or assisted or participated in the filing of a charge of sex discrimination, including sexual harassment, or (iv) assisted or participated in an investigation or proceeding resulting from any of the preceding items at Defendant's restaurant located at 3111 Chandler Boulevard, Suite 2100, Chandler, Arizona.[2]

## **MONETARY RELIEF**

5. Judgment is entered in favor of the Commission and against Defendant in the amount of THREE HUNDRED FORTY-FIVE THOUSAND DOLLARS ($345,000.00).

6. Defendant shall pay a settlement amount separately to each recipient thereof by check, cashier's check, or money order, in accordance with Paragraph 7 of this

---

[1] Defendant agrees to notify any successor, assignee, and/or purchaser of this Consent Decree.

[2] No allegation has been made in this lawsuit that Defendant unlawfully retaliated against any class member.

- 3 -

Decree. These payments represent settlement of all claims brought or which could have been brought by the Commission under EEOC Charge Nos.: 540-2007-00592; 540-2007-02014; 540-2007-02072; and 540-2008-01164 on behalf of each recipient, and shall be distributed to the recipients, in the amounts set forth in Exhibit A, within ten (10) calendar days of the entry of this Decree by the Court. The back pay and compensatory damages portions of the payment to each recipient are separately set forth. Defendant shall take standard payroll deductions from amounts designated back pay and shall make no deductions from the amounts set forth as compensatory damages. By January 31, 2010, Defendant shall issue United States Internal Revenue Service 1099 forms for the compensatory damages amounts, and W-2 forms for back pay amounts.

7. The checks provided for in Paragraph 6 of this Decree shall be mailed directly by Defendant to each recipient, at addresses separately supplied by the Commission. Within three (3) business days of issuance of the checks, Defendant shall furnish a copy of each check and any related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

8. Defendant will not condition the receipt of the monetary relief set forth on Exhibit A on the recipient's agreement to: (a) maintain as confidential the terms of this Consent Decree; or (b) waive his statutory right to file prospectively a charge with any federal or state anti-discrimination agency; or (c) refrain from applying for employment at Defendant's facilities; provided, however, that, as to any such recipient who has been determined to be ineligible for re-employment for reasons unrelated to this action, Defendant shall not be required to rescind that determination.

### **OTHER RELIEF**

9. Defendant shall expunge from the official personnel files of the class members all references, if any, to the charges of discrimination filed against Defendant or participation in this action.

10. The class members shall direct all prospective employers to contact

Defendant's outplacement service ("The Work Number") for all employment verification inquiries. The Work Number may be contacted at (800) 367-2884. No other information will be provided by Defendant's Corporate Staff Relations Department to prospective employers and Defendant will offer no explanation for why it will not provide additional employment information to prospective employers or any other entities that inquire about the employment history of the class members.

11. Defendant shall review and revise, if necessary, policies and practices that help assure a work environment free from sexual harassment of its employees and that allow employees to raise concerns or complaints of sexual harassment without retaliation.[3] To assist Defendant in these efforts, Defendant shall take the actions provided in Paragraphs 12 through 19 of this Decree.

## DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES[4]

12. Within thirty (30) days after entry of this Consent Decree, Defendant shall post, for the duration of this Consent Decree, the notice attached as Exhibit B in a prominent place frequented by its employees at The Cheesecake Factory restaurant located at 3111 Chandler Boulevard, Ste. 2100, Chandler, Arizona (the "Chandler Location"). The notice shall be the same type, style, and size as Exhibit B.

13. Defendant shall provide training on sexual harassment and retaliation at the Chandler Location, according to the following terms:

    A. Defendant shall provide training for non-management employees at the Chandler Location over a period of twenty-two (22) months from the date of this Consent Decree. During the next twenty-two months, Defendant shall offer all employees who work at the Chandler Location training on Defendant's policies prohibiting harassment and discrimination in the workplace. To ensure that all employees will fully understand the

---

[3] No allegation has been made in this lawsuit that Defendant unlawfully retaliated against any class member.

[4] Although this section of the Decree references retaliation, no allegation has been made in this lawsuit that Defendant unlawfully retaliated against any class member.

substance of the training, the training will also be conducted in Spanish. In addition, all written training materials and/or policies used (either given to attendees or otherwise shown to attendees) shall be provided in Spanish and English. The training will be conducted live or in DVD/Video format. All of Defendant's employees who are employed at the Chandler Location shall be offered the training, which shall be given approximately at eight-month intervals for the duration of this Decree.

B. In addition to the training discussed in Paragraph 13(A) above, certain managerial staff who have or had specific responsibilities with respect to the Chandler Location[5] shall attend a two-hour live training on preventing, identifying, investigating, and addressing sexual harassment and retaliation in the workplace. This training shall be conducted by a consultant/trainer or other individual retained or designated by Defendant. In addition, all written training materials used (either given to attendees or otherwise shown to attendees) shall be provided in Spanish and English, if necessary.

C. The first training session discussed in Paragraphs 13(A)–(B) shall be conducted within six (6) months of the entry of this Decree. The next two sessions of the training shall be conducted approximately eight months apart within the term of the Consent Decree.

D. The training sessions discussed in Paragraph 13(B) shall be no less than ninety (90) minutes, plus a period of thirty (30) minutes during which participants may ask questions. All persons attending any of the trainings discussed in Paragraph 13(B) shall sign a registry of attendance. Defendant shall retain these registries for the duration of the Consent Decree.

E. The training shall include the subject of what constitutes sexual harassment and retaliation; that sexual harassment and retaliation in the hiring, firing,

---

[5] The specific identities will be supplied by the EEOC under separate letter.

compensation, assignment, or other terms, conditions, or privileges of employment, violates Title VII; how to prevent sexual harassment and retaliation; how to provide a work environment free from sexual harassment and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to sexual harassment or retaliation in the workplace. The session shall also review and explain Defendant's policies set out in Paragraph 16 of this Consent Decree.

F. During the training sessions discussed in Paragraph 13(B) above, an in-house corporate attorney or a corporate officer holding the title of vice president or above ("Designated Representative") shall discuss the disciplinary actions that will be taken against supervisors, managers, and employees who (1) commit acts of sexual harassment or retaliation, (2) fail to properly and promptly act on complaints/reports of conduct that may rise to the level of sexual harassment or retaliation, (3) fail to properly and promptly act on observations of conduct that may rise to the level of sexual harassment or retaliation, or (4) otherwise allow sexual harassment or retaliation to occur in the workplace. The Designated Representative shall also discuss the importance of maintaining an environment free of sexual harassment and retaliation, and Defendant's policy with regard to sexual harassment and retaliation referred to in Paragraph 16 of this Consent Decree.

14. The Commission, at its discretion, may designate up to two Commission representatives to attend, as an observer only, the training sessions discussed in Paragraph 13(B) above. Defendant shall provide written notice to the Regional Attorney of the EEOC's Phoenix District Office of the time, date, and location of each training scheduled pursuant to Paragraph 13(B) above at least thirty (30) days before each training. The EEOC will provide Defendant written notice of its intent to attend the training session at least fourteen (14) days prior to the scheduled training.

15.     Defendant shall designate for the duration of this Consent Decree an organization or person(s) external to Defendant's Chandler Location ("Ombudsman") to receive and forward complaints of discrimination from employees. The Ombudsman must have the ability to process complaints. A designated member of Defendant's corporate staff relations department, or Defendant's Careline (or a successor third-party vendor) if maintained and operated consistent with current practice, shall satisfy the requirements of Paragraph 15.

16.     Defendant shall review and revise, if necessary, its written policy concerning sexual harassment and retaliation to conform to the law. As part of this Consent Decree, Defendant shall submit the policy for review to the Regional Attorney of the Phoenix District Office of the EEOC within thirty (30) days of the entry of this decree. This written policy will be deemed by the EEOC to be compliant with this Decree if it includes :

    A.    A strong and clear commitment to a workplace free of sexual harassment and retaliation;

    B.    Clear and complete definitions of sexual harassment (both *quid pro quo* and hostile work environment forms) and retaliation;

    C.    A clear statement that sexual harassment can occur between individuals of the opposite sex, as well as between individuals of the same sex;

    D.    A clear and strong encouragement of persons who believe they have been harassed or retaliated against to come forward;

    E.    A description of the consequences, up to and including termination, which will be imposed upon violators of the policy;

    F.    An assurance of non-retaliation for witnesses of sexual harassment and persons who believe they have been sexually harassed;

    G.    That sexual harassment by all persons, including managerial employees, vendors, suppliers, third parties, and customers is prohibited and will not be tolerated;

  H. The contact information for the Company's Corporate Staff Relations Department and/or Careline, or other third party vendor, to whom employees can report allegations of sexual harassment;

  I. Defendant will investigate sexual harassment and retaliation allegations promptly, fairly, reasonably, and effectively and that appropriate corrective action will be taken by Defendant; and

  J. Defendant shall promptly and appropriately respond to all complaints of sexual harassment and/or retaliation.

All records of an investigation shall be preserved for a period of three (3) years. Defendant shall take the appropriate corrective and remedial action, including efforts to eradicate sexual harassment and/or retaliation and disciplining harassers and retaliators, if necessary.

These policies shall be distributed to each current employee at the Chandler Location within sixty (60) days of the entry of the Consent Decree. These policies shall be distributed to all new employees at the Chandler Location when hired. These policies also shall be posted in both English and Spanish in a prominent place frequented by the employees at the Chandler Location.

 17. Defendant shall evaluate all employees with supervisory/managerial duties on their performance in responding to complaints of discrimination including sexual harassment. Each of these employees shall be advised that the failure of such an employee to enforce the anti-discrimination and sexual harassment policy may result in disciplinary action, up to and including termination.

 18. Defendant shall include a written provision and/or statement in all training materials that managers and supervisors' performance will be evaluated, in part, on their response to complaints of sexual harassment and that failure to enforce policies against sexual harassment will result in disciplinary action, up to and including termination.

 19. Defendant shall not retain documents related to the complaint of sexual harassment or the investigation of that complaint in the official personnel file of any

employee who complained of such harassment.  All disciplinary actions taken against employees for violation of Defendant's sexual harassment policy will be recorded in the personnel file of the disciplined employee(s).  In those cases in which no conclusion could be reached on the allegations, the appropriate documentation evidencing the complaint shall remain in the personnel file of the employee(s) alleged to have engaged in sexual harassment.

## **REPORTING BY DEFENDANT AND ACCESS BY EEOC**

20. Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suite 690, Phoenix, Arizona  85012, beginning eight (8) months from the date of the entry of this Consent Decree, and thereafter every eight (8) months for the duration of the Consent Decree, the following information:

    A.    Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of sexual harassment;

    B.    The name and position of any individual who alleges to a manager at the Chandler Location, Staff Relations Department or the Careline (or successor company-retained third-party vendor) that sexual harassment has occurred at the Chandler Location during the eight (8) months preceding the report.  The nature of the complaint, investigatory efforts made by Defendant, conclusions, and the corrective action taken shall be specified;

    C.    Copy of the registry of persons attending the seminar required in Paragraph 13(D) of this Decree;

    D.    Confirmation that (i) the Notice required in Paragraph 12 of this Consent Decree was posted, and where it was posted, (ii) the policies required in Paragraph 16 of this Consent Decree were distributed to each current and new employee at the Chandler Location, and (iii) the expungement from the class members' official personnel files of all references, if any, to the charges of discrimination filed against Defendant or participation in this

action as required in Paragraph 9 of this Decree took place, the date of the expungement, and the specific documents expunged;

E. A copy of the revised policy, if required, pursuant to Paragraph 16 of this Decree.

21. Defendant shall comply with the reporting requirements of Title VII, including but not limited to the filing of Standard Form 100 in accordance with 29 C.F.R. § 1602.7, commonly known as the "Employer Information Report EEO-1."

22. The Commission, upon reasonable written notice of no less than fourteen (14) days, and at a time designated by Defendant so as not to disrupt Defendant's business operations, shall have the right to enter and inspect the Chandler Location a maximum of two (2) times during the duration of this Decree, for the sole purposes of (a) attending a training session specified in Paragraph 13(B), above; and (b) reviewing postings as necessary to ensure compliance with this Decree.

## COSTS AND DURATION

23. Each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

24. The duration of this Decree shall be twenty-four (24) months from its entry. This Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree, after notifying Defendant, in writing and in reasonable detail, of the alleged instance(s) of non-compliance, and thereafter affording Defendant a reasonable opportunity (which in no event shall be less than twenty (20) days) to correct any such alleged instance(s) of non-compliance. Should the Court determine that Defendant has not complied with this Consent Decree, appropriate relief may be ordered. This Consent Decree shall expire by its own terms at the end of twenty-four (24) months from the date of entry, without further action by the parties. Defendant's compliance with this Consent Decree will fully and completely resolve all issues of law and fact which were or could have been raised by the Commission in this Lawsuit under EEOC Charge Nos.: 540-

2007-00592; 540-2007-02014; 540-2007-02072; and 540-2008-01164, as to all events occurring at any time on or prior to the date of entry of this Consent Decree.

25.　The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

Dated this 5th day of November, 2009.

_____
Neil V. Wake
United States District Judge

# EXHIBIT A

| | |
|---|---:|
| Michael Wilson | $15,000.00 |
| John Eli Andrews | $42,500.00 |
| Julio Vasquez Munoz | $42,500.00 |
| Jesse De Jong | $20,000.00 |
| Bryce Fitzpatrick | $175,000.00 |
| Albert Miller, Jr. | $50,000.00 |

**EXHIBIT B**

**NOTICE TO ALL EMPLOYEES
AT THE CHEESECAKE FACTORY, CHANDLER, ARIZONA**

This Notice is posted pursuant to a Consent Decree entered into between The Cheesecake Factory Restaurants, Inc. and the Equal Employment Opportunity Commission ("EEOC").

It is unlawful under federal law, Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of sex, including sexual harassment, in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment. Sexual harassment includes unwelcome or offensive sexual advances or touching, requests for sexual favors, or other verbal or physical conduct directed at a person because of her/his sex. Sexual harassment may include conduct between persons of the opposite sex, as well as conduct between persons of the same sex. It is also unlawful to retaliate against any person because the person protested or reported the discriminatory practices to management or the EEOC.

The Cheesecake Factory Restaurants, Inc. shall not discriminate against any employee on the basis of sex, including sexual harassment, and shall not retaliate against any employee for complaining about sexual harassment.

If you believe you have been discriminated against or sexually harassed, you have the right to seek assistance from:

> EEOC
> 3300 North Central Avenue
> Suite 690
> Phoenix, Arizona 85012
> Telephone: (602) 640-5000
> TTY: (602) 640-5072
> Website (national): www.eeoc.gov

You have the right to file a charge with the EEOC if you believe you are being discriminated against, retaliated against or sexually harassed.

  <u>No Retaliation Clause</u>.  It is against the law for any action to be taken against you by any supervisory or management official of The Cheesecake Factory Restaurants, Inc. for:  (1) opposing sexual harassment or other discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII.  Should any such retaliatory actions be taken against you, you should immediately contact the EEOC at the address or telephone number listed above.